## NEW ET AL. *v.* WAMBACH ET AL.

CONTRACT.—*Fraud.*—*Pleading.*—Complaint to reform a contract and enforce it, alleging that the defendant undertook to reduce a contract between the plaintiff and the defendant to writing; that he fraudulently wrote it differently from the contract really made; that he read it as really made; and that it was signed by the plaintiff, believing its terms to be as it had been agreed they should be. *Held*, that this was sufficient on demurrer.

SAME.—*Mistake.*—A paragraph of complaint for the same purpose, alleging that the defendant wrote the contract, and, by mistake, it was written differently from what it was agreed it should be, was held good on demurrer.

PLEADING.—*Practice.*—*Departure.*—*Joint Contractors.*—In a suit upon a joint contract, if an answer shows that the plaintiff has discharged one of the joint contractors, and the plaintiff replies that it was agreed by the defendants at the time of the discharge, that it should not operate as a release of the other defendant, though such reply may be a departure, it is waived if no objection be taken on that account, and the parties proceed to trial upon the issues thus joined; and the defendant who was not released cannot, after trial and verdict, object that no verdict has been rendered as to the defendant admitted by the reply to have been released.

SAME.—*Departure.*—In case of a departure, if, instead of demurring, the defendant takes issue upon the reply, and the issue be found against him, the court will not arrest the judgment because of the departure.

APPEAL from the Marion Common Pleas.

OSBORN, C. J.—The appellees instituted their action against the appellants, for the purpose of reforming a contract, and for the recovery of one thousand dollars.

The complaint contains two paragraphs; they both set up the same contract, alleging that one of the appellees was a foreigner with a very limited knowledge of our language, that the other was an ignorant and illiterate man, and unable to read or write; that New, one of the appellants, wrote the contract and read it as agreed upon by the parties; that they executed it, or caused it to be executed, under the belief that it was written as agreed upon; that they relied upon New, and believed that he had drawn the contract according to agreement; that they have learned that the contract, as executed, was not as made between the parties, and the complaint states specifically wherein it differs from the true one. By the contract the appellants were to pay

the appellees one thousand dollars, upon terms stated.  Both paragraphs state that Love, one of the appellants, paid the appellees five hundred dollars; that New, the other appellant, availing himself of the false or mistaken writing himself had made, refused to pay to the appellees five hundred, "being his portion, as aforesaid, of said one thousand dollars."

Prayer, that the contract might be reformed, and for judgment for said five hundred dollars, and five hundred dollars damages, and proper relief.

The appellant New filed a demurrer to the complaint, on the ground that it did not contain facts sufficient to constitute a cause of action, which was overruled.    The appellants filed a joint answer of six paragraphs, one of which was a general denial.    It will only be necessary to notice the sixth. That alleges that the contract sued on was joint, and not joint and several; that before the commencement of the action, Love paid to the appellees the sum of five hundred dollars, which sum was, by the appellees, accepted and received in full discharge and satisfaction of all liability of Love, for or on account of the contract; that the appellees, in consideration of that sum, so paid by Love, fully discharged him from all obligation or liability in the premises; that by reason thereof both of the appellants were discharged.

To that paragraph, the appellees filed a demurrer, which was overruled.    They then filed a reply of two paragraphs, one of general denial, and one admitting the payment of the five hundred dollars by Love, in full for his half of the one thousand dollars, which the appellants had agreed to pay; that it was further true, that the appellees executed a receipt to Love for five hundred dollars, in full discharge of his half of said liability in the contract; they also aver that the appellant New was present at the time of the payment, and it was expressly agreed that such payment should not release him from the remaining five hundred dollars; that he then and there, after the appellees had signed the receipt for the sum paid by Love, expressly agreed to pay the remaining

five hundred dollars on the following day; and in it they demand judgment, etc. To this reply no demurrer was filed or motion made to strike it out.

The cause was tried by a jury, and a verdict rendered for the appellees against the appellant New for $558.25.

The jury also answered certain interrogations, submitted to them on motion of the appellants.

The appellants moved the court for a *venire de novo,* which was overruled. They then moved for judgment in their favor on the answer to the interrogatories. That motion was overruled. A motion for a new trial was also overruled, and final judgment rendered against New on the general verdict. Proper exceptions were taken to the rulings of the court. Judgment was rendered in favor of Love, and for his costs against the appellees.

After the cause was appealed, Love filed a written disclaimer of all interest in the appeal and prayed that as to him the appeal might be dismissed. Sec. 551, 2 G. & H. 270.

The first error assigned is, in overruling the demurrer to the complaint. The objection urged to the complaint is, that one who signs a contract is rightly charged with notice of its contents, and he may not avail himself of his own negligence or carelessness to profit thereby, or avoid responsibility incurred, and that it does not appear that proper diligence was used, etc. In this case it is averred in the complaint, that reliance was placed in New; that he wrote and read the contract. There is another rule which we think is applicable in this case, that where one places reliance upon another, the one trusted shall not take advantage of such confidence to the prejudice of the other. The averment in one of the paragraphs is, that New fraudulently wrote the contract different from the one really made, and in the other, that the change was made by mistake, and in both, that he read it as made, and that they supposed the contract as read was the same as the one agreed upon. The demurrer was to both paragraphs, and was correctly overruled. No authorities are cited in support of it, and we think none are

necessary to sustain the action of the court below in over-ruling it.

The next error assigned is in overruling the motion for a *venire de novo.* The ground of this motion is, that the verdict is defective in not finding for or against Love on the issues.

The issue tendered by the replication to the sixth paragraph of the answer was, whether, when Love paid the five hundred dollars in full discharge and satisfaction of all liability on account of the contract sued on, New was present and agreed that such payment should not release him, and whether he promised to pay the remaining five hundred dollars. Perhaps the reply was a departure from the complaint. But no objection was made to it on that ground, at the proper time, and none can be urged now. If the matters alleged in the answer and reply had been set out in the complaint, and New had been the sole defendant, it seems to us that it would have been good, and not demurrable for a defect of parties. No objection was made that the replication was a departure, but the issue tendered, of the separate liability of New, was accepted and submitted to the jury, who found against him. Although the replication was in form against both defendants, it admitted the discharge of Love and tendered an issue of the several liability of New. The statutory denial of the allegations of the reply does not include what is affirmed in the answer. The answer alleged that Love was discharged, and then stated a conclusion of law, that his discharge operated as a discharge of New. The replication admitted that Love was released, and abandoned the action as to him, but alleged the several liability of New. No verdict was necessary for Love, for the reason that by the replication it was admitted that there was no action against him, and for the same reason none could be rendered against him.

We are referred to *Jenkins* v. *Parkhill*, 25 Ind. 473. The ruling in that case in no manner conflicts with the rulings in this. In that case, the action was on two bonds; the

answer was, the general denial, with an agreement that all matters of defence might be given in evidence. The jury found against both defendants on one of the bonds, and against one of the defendants on the other, and on that was silent as to the other defendant. It was held that if a jury finds but part of the issue, and says nothing as to the rest, the verdict is ill, and a *venire de novo* shall issue. In that case, there was nothing in the pleadings which raised the question of the discharge of one and a several promise of the other. In case of a departure, if, instead of demurring, the defendant takes issue upon the replication, and it be found against him, the court will not arrest the judgment. 1 Chitty Pl. 648.

The next alleged error is in overruling the motion for a new trial.

There were many reasons for a new trial mentioned in the motion. We shall only mention such as are specified in sec. 352, 2 G. & H. 211.

The sixth specification of cases or reasons for which a new trial may be granted is, that the verdict or decision is not sustained by sufficient evidence, or is contrary to law.

The first reason assigned was, that the general verdict was not sustained by sufficient evidence; the second, that the verdict was contrary to law; the fourth, that certain special findings were not sustained by sufficient evidence, nor was either of them. We have examined the evidence, and think the verdict and all the answers to the interrogatories are fully sustained by the evidence. We do not see wherein the verdict is contrary to law.

The third, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and thirteenth reasons stated in the motion are not causes for a new trial.

The twelfth reason was for error of law occurring at the trial in refusing to give the following instruction: " The contract declared on, in this case, is a joint contract, and not joint and several; the party of the one part being New and Love, and on the other Wambach and Darby. Now, if you

believe, from the evidence, that Love, on the fourth of March, 1870, paid to Wambach and Darby the sum of five hundred dollars, and upon such payment, was, by said Wambach and Darby discharged from all liability on said contract, such discharge of Love would, by operation of law, discharge the defendant New from all liability on said contract, and you should, therefore, find for the defendant."

What we said relative to the motion for a *venire de novo*, will be applicable here, as our reasons for sustaining the action of the court in refusing to give the instructions asked. They entirely overlooked and ignored the issue of the separate liability of New.

The fourth and last error assigned is in overruling their motion for judgment in their favor on the answers of the jury to the interrogatories.

The interrogatories and answers, under which the appellants claim that they were entitled to judgment in their favor, were as follows:

Int. 1st. "Did the defendant William Love, on the 4th of March, 1870, pay the plaintiff five hundred dollars on said contract of Feb. 25th, 1870?"

Answer. "Yes."

Int. 2d. "At the time said Love paid said sum of five hundred dollars, did not the plaintiff accept said sum of five hundred dollars in discharge of all liability of said Love on said contract of Feb. 25th, 1870?"

Answer. "Yes, as to his part of the contract."

Int. 7th. "Was not the contract after it was written, read over once or more as written, in the presence and hearing of the plaintiffs, before they signed the same?"

Answer. "Yes, not containing the true meaning of the contract."

We have already seen that, under the issue, payment by Love, and his discharge from the contract set out in the complaint, did not discharge New from his liability set out in the replication.

That the contract was read to the plaintiff as written, is

not inconsistent with the fact that it was also read incorrectly and differently from the way it was written. It may have been read both ways, and although it may have been read in the presence and hearing of the appellees as written, the reading may have been in such a manner as not to be understood by them; and yet when read incorrectly, it may have been read so distinctly, as to have been entirely intelligible to them. We cannot say that the special findings are inconsistent with the general verdict. Sec. 337, 2 G. & H. 206. *The Board of Commissioners, etc.*, v. *Kromer*, 8 Ind. 446; *Amidon* v. *Gaff*, 24 Ind. 128; *Ridgeway* v. *Dearinger, ante*, p. 157.

The judgment of the said Marion Common Pleas is affirmed, with costs and ten per cent. damages.

*J. Hanna* and *F. Knefler*, for appellants.

*G. T. Morton, J. W. Gordon, T. M. Browne*, and *R. N. Lamb*, for appellees.