## GEORGE T. TARBELL *vs.* CHARLES LINEHAN.

Suffolk. March 11, 1890. — May 10, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract — Consideration — Contractor — Sub-contractor — Apportionment of Damages — Auditor.*

An oral agreement was made between a contractor to build a city sewer and a sub-contractor, whereby the contractor was to sue the city for injury to both from its failure to construct a sea-wall to protect the work, and was to allow to the other his proportionate part of the damages, and the sub-contractor was to co-operate and give him the benefit of his experience in the action. *Held,* that the agreement was separate and distinct from a written unperformed agreement between them relating to an amicable settlement of the same claim, and rested upon sufficient consideration.

The contractor sued the city, and got a verdict for a balance due on the contract, and for the damages caused by the city's neglect to build the sea-wall. The sub-contractor, who was to receive more per foot for the portion built by him than the contractor per foot for building the entire sewer, thereupon brought an action against the contractor for a proportionate share of such damages. *Held,* that the balance due on the contract was to be deducted from the verdict in estimating the damages to be shared; that the damages were to be apportioned according to the respective feet of sewer built by each; and that from the sub-contractor's share was to be deducted the excess paid him per foot over that paid to the contractor.

CONTRACT to recover, in the first count, an unpaid balance upon a sub-contract between the plaintiff and the defendant, a contractor with the city of Boston to build a sewer; and in the eighth count, to recover, under an alleged agreement between them, a proportionate part of the verdict for the defendant in an action brought by him against the city for an amount due upon his contract, and for damages caused by the city's failure to build a sea-wall to protect the sewer. Trial in the Superior Court, without a jury, before *Bishop,* J., who found for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*C. S. Lincoln,* (*C. P. Lincoln* with him,) for the plaintiff.

*L. M. Child,* for the defendant.

DEVENS, J. The defendant had made a contract with the city of Boston to construct a sewer for a compensation of twenty-one dollars a foot, and had sublet a part of it to the

plaintiff, who was acting as the agent and representative of his father, Stephen H. Tarbell. Stephen H., acting under this sub-contract, which was for the construction of two hundred feet of the sewer, had actually constructed one hundred and eighty-four and a half feet when the contract was terminated by a notice from the city, which it was admitted the city had a right for that purpose to give. The work done under this sub-contract, as well as that done by the defendant himself, was much obstructed and interfered with by water which flowed in upon them, as both parties contended, by reason of the failure of the city to construct a sea-wall, which it was its duty to have constructed, and both considered that they had a rightful demand for damages in respect of this failure against the city. There was evidence before the auditor, to whom the case was referred, that it was orally agreed between Stephen H. Tarbell, acting for the plaintiff, and the defendant, that the plaintiff would not prosecute any claim for extra work or damages against the city; that he would give the defendant all the aid in his power in prosecuting the claim; that, if anything was recovered from the city, the plaintiff should have his part of it; and that the parties were to share proportionally, that is, in proportion to the length of the sewer constructed by each, the damages that might be awarded. The defendant thereupon brought an action against the city of Boston, claiming in the first count of his declaration the sum of $9,158.67, for the amount due and unpaid upon his contract, and in the second count damages by reason of the obstructions, delays, hindrances, and misdoings of the city, by which he was compelled to do a large amount of extra work, annexing an account thereto of ten specific items. In that action the present defendant, the then plaintiff, recovered against the city the sum of $14,298.31. The ninth item of the account annexed to the second count was for " Extra labor and material furnished at the request of, or required by the acts, doings, and misdoings of defendant in overcoming water, etc., caused by the defendant; viz. three hundred and thirty-four and one half feet of sewer at sixty dollars per foot, less amount allowed in first item, namely, twenty-one dollars per foot, leaving three hundred and thirty-four and one half feet at thirty-nine dollars per foot, $13,045.56." This

three hundred and thirty-four and a half feet for which extra compensation was claimed included the one hundred and eighty-four and a half feet constructed by the plaintiff.

In the present action, the plaintiff, in the first count of his declaration, seeks to recover from the defendant the amount yet unpaid by him upon the sub-contract. While the defendant was to receive twenty-one dollars per foot for the two hundred feet to be constructed by the plaintiff, the latter was to receive from the defendant twenty-eight dollars per foot; nor do we understand that any reason is suggested why he should not recover this sum so far as he actually completed the work before the contract was terminated by the city. This sum has been found, according to the declaration, to amount to $1,825.40. By the eighth count of his declaration the plaintiff seeks to recover his proportionate share from the defendant of the judgment recovered against the city by reason of its failure and neglect in regard to the water; that is, as his claim was included with that of the defendant in the action against the city, his proportion of the damages there recovered which are attributable to this cause of action.

While the agreement, if made, between Stephen H. Tarbell and the defendant was oral, there had been previously or was then existing a written agreement between Stephen H. and the defendant, which, as the auditor has found, related only to an expected settlement out of court, which settlement was never made, and under which nothing ever became due. Upon a preponderance of the evidence, the fact of an oral agreement being disputed, the auditor has found that there was such an agreement, to the effect that, if the defendant recovered from the city by action damages beyond his contract price for that part of the work which included that which was done by the plaintiff, the plaintiff should have a share.

It is the contention of the defendant, that this oral agreement is included in the written agreement made between Stephen H. Tarbell and the defendant, and therefore that it can have no validity, and that it was made without consideration. But the language of the written agreement has been rightly construed as looking to a division between the parties of the amounts received in case a settlement was effected with the city, while

the oral agreement relates clearly to an action to be brought. It may fairly be inferred, also, that it was made subsequent to the written agreement, when the object of that had failed. Nor can we perceive that it was in any respect wanting in a valid consideration, as the defendant suggests.   The injury done by the city was an injury to the plaintiff, for which, on the theory of that case, in which the plaintiff and the defendant concurred, the city might be liable to the plaintiff.   It was convenient that but one claim, including together that of the defendant and his sub-contractor, should be made the ground of action, as separate actions were thus avoided.   The agreement of the plaintiff, that he and Stephen H. Tarbell would co-operate in conducting the suit, giving their labor and experience in its aid, and that the plaintiff's claim should be included with that of the ·defendant, was a sufficient consideration for the promise of the defendant to pay to the plaintiff his proportionate share of what was recovered.

The defendant contended that there was no sufficient evidence of the amount of damages allowed him by the· jury in his action against the city, such as would entitle the plaintiff to recover under the eighth count in this action.   It was necessary for the plaintiff to show that the defendant did recover of the city extra compensation, by reason of its default, of which the plaintiff is entitled to a proportion, and to show the amount thereof.   In the action against the city, the verdict of the jury was made up on four items in the account annexed to the second count of the declaration.   The docket entries in that action recited that the verdict was made up from the sixth, seventh, and ninth items of the account annexed, with interest from the date of the writ, and it was admitted by the plaintiff that some portion of the first item was also included in the verdict.   Upon this evidence, it was properly held by the auditor that the verdict was rendered solely upon these items.   The jury might properly be asked upon what items in the declaration they had rendered their verdict; nor was this evidence to be rejected because the admission of the plaintiff showed that some portion of another item was included.   Pub. Sts. c. 153, § 4, cl. 6.  *Spoor* v. *Spooner*, 12 Met. 281, 285.  *Dorr* v. *Fenno*, 12 Pick. 521, 525.   In seeking to determine what portion of the verdict, as between the

plaintiff and the defendant, was rendered upon the ninth item, fully stated above, only the first item needs to be considered, as the sixth and seventh items do not include anything upon which the plaintiff can have any claim. They must therefore be deducted from the verdict, with the interest thereon from the date of the writ, which appears to have been included. If therefore the amount can be accurately ascertained which was allowed by the jury on the first item, and if this were, with interest, deducted from the verdict, the remainder would represent what was allowed by the jury on the ninth item, to a proportion of which only can the plaintiff be entitled. The first item was for " Amount due and held in reserve from sundry estimates, October 4, 1880, $9,158.62." It was shown that this item, which was for work claimed by the defendant to have been done, but the price or payment of which had been held back and in reserve, was not fully allowed, and that the city claimed a recoupment therefrom by reason of work which had not been done by the defendant when the contract was put an end to; and that the auditor to whom the former action was referred had allowed this recoupment, which might well have been followed by the jury in their verdict. It was also to be inferred that a recoupment was allowed, because it appeared that there was unfinished work which the city must have been compelled to do. The report of the auditor in the former case has not been found, after diligent search, and the auditor in the case at bar has allowed the sum of $4,400 as the amount of this recoupment, understanding that to be the amount of the claim as allowed, as we construe his report. Whether there was any more evidence before him than that stated in his report does not appear. The amount of the sixth and seventh items, and the amount of the first item, with interest, after being reduced by a deduction of the $4,400, being then deducted from the full amount of the verdict against the city, there remains to be attributed to the verdict, so far as the ninth item is concerned, the sum of $7,719.29.

There was no evidence that the jury discriminated, or were asked to do so, between the part of the sewer made by the plaintiff and that made by the defendant. As to that built by the plaintiff, the defendant had suffered no damage except as he

might have done so through the plaintiff and the obligation he was under to him. While it was not shown that the jury apportioned the injury by the foot, as the sewer was constructed, yet it is reasonable and just that it should, as between the plaintiff and the defendant, be divided in that proportion, their claims having been united by mutual consent. But as the claim against the city was based on damages over and above the twenty-one dollars a foot which was the contract price paid by the city to the defendant, and as the defendant paid the plaintiff twenty-eight dollars a foot, the deduction of seven dollars should be made on each of the one hundred and eighty-four and a half feet built by the plaintiff. The auditor in the case at bar has stated the account in this view, allowing the plaintiff $\frac{184\frac{1}{2}}{334\frac{1}{2}}$ of the amount of $7,719.29 which he finds was recovered on the ninth item under the second count of the declaration in the action against the city, that being the plaintiff's proportion of the whole number of feet for injury in constructing which damages were recovered, and has deducted therefrom seven dollars a foot on one hundred and eighty-four and one half feet. He has added thereto the item heretofore considered of $1,825.40, and has allowed to the plaintiff the sum thus found due, with interest from the date of the writ.

This statement of the account, with the further deduction therefrom of the plaintiff's proportionate part of the amount paid for counsel fees and other expenses incurred by the defendant in the action against the city, concerning which there was apparently no dispute, was rightly adopted by the presiding judge in the Superior Court, and is correct.

*Exceptions overruled.*