# FAST v. JUDY.

[No. 12,294.    Filed May 14, 1925.]

1.  PRINCIPAL AND AGENT.—*Relation of principal and agent is confidential and fiduciary and requires the utmost good faith from agent.*—The relation of principal and agent is a confidential and fiduciary one and requires of the agent the exercise of the utmost good faith.    p. 90.

2.  FRAUD.—*Complaint held to state cause of action for damages for fraudulent procurement of deed.*—A complaint alleging that plaintiff employed defendant to act as agent to procure a loan to liquidate all of the plaintiff's indebtedness, that defendant made false representations as to the aggregate amount of said indebtedness and that it would be necessary to procure more money than could be obtained by a mortgage, that in order to procure such additional funds, it would be necessary for plaintiff to execute a contract, that defendant thereby procured plaintiff to execute a deed to valuable land, which plaintiff signed without reading it, not knowing its character, to the damage of the plaintiff, *held* to state a cause of action.    p. 90.

3.  ELECTION OF REMEDIES.—*Prosecution of action to rescind conveyance procured by fraud does not preclude action for damages for the fraud.*—The prosecution of an action to rescind a conveyance fraudulently procured by defendant does not preclude the prosecution of an action for damages for the fraud, after dismissal of the former action, especially where the fraudulent grantee had conveyed the land to an innocent purchaser who filed a cross-complaint in the former action and obtained a decree quieting his title.    p. 91.

4.  APPEAL.—*Variance waived by not calling trial court's attention to it.*—Alleged variance between pleading and proof is deemed waived unless the record shows that such variance was called to the attention of the trial court.    p. 92.

5.  APPEAL.—*Variance not deemed material unless appellant prejudiced thereby.*—Under the provisions of §418 Burns 1926, §400 Burns 1914, §391 R. S. 1881, a variance is not deemed material in the absence of a showing in the trial court that appellant was prejudiced thereby.    p. 92.

6.  APPEAL.—*Rulings as to admission of evidence not presented for review by brief.*—Rulings as to the admission of evidence are not presented for review where the questions and answers thereto and objections of counsel are not set out in appellant's brief except in the motion for a new trial.    p. 93.

7. FRAUD.—*Damages for fraud in procuring deed to valuable land held not excessive.*—A verdict for $9,000 damages for fraudulently procuring the conveyance to defendant of land worth from $30,000 to $40,000, though encumbered by a mortgage for $17,000, was not excessive. p. 93.

8. APPEAL.—*Where verdict manifestly just, judgment will not be reversed for error in giving or refusing instructions.*—Error in giving or refusing instructions will not require the reversal of the judgment where the verdict was manifestly just. p. 93.

From Huntington Circuit Court; *George M. Eberhart,* Special Judge.

Action by Benjamin F. Judy against Arthur C. Fast. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Arthur H. Sapp, William McNagny, Phil McNagny, Charles K. Lucas* and *Herbert B. Spencer,* for appellant.

*Fred H. Bowers, Milo Feightner* and *Lee M. Bowers,* for appellee.

NICHOLS, J.—Action by appellee, against appellant for damages on account of certain alleged false misrepresentations and the wrongful procurement from appellee by appellant of a deed of conveyance to certain lands in Whitley county, Indiana.

There was a trial by jury which resulted in a verdict for appellee for $9,000, on which, after appellant's motion for a new trial was overruled, judgment was rendered. The errors assigned are that: (1) The trial court erred in overruling the demurrer of appellant to appellee's amended complaint; (2) in sustaining appellee's demurrer to the second paragraph of appellant's answer; (3) in sustaining appellee's demurrer to the third paragraph of appellant's answer; (4) in sustaining appellee's demurrer to the fourth paragraph of appellant's answer; (5) in sustaining appellee's demurrer to the fifth paragraph of appellant's answer; (6) in overruling appellant's motion for a new trial.

Fast *v.* Judy—83 Ind. App. 85.

The amended complaint avers in substance that on and prior to June 17, 1920, appellee was a farmer, residing in Whitley county, Indiana, and the owner of 200 acres of real estate of the value of $45,000 and he was indebted in the total sum of approximately $16,000. Appellant was a banker and loan agent. Appellee was not acquainted with the procedure and things necessary to procure a loan, and was not acquainted with institutions who had the money to make such loans. In the early part of the year, 1920, appellee employed appellant to act for him as agent to secure a loan on said real estate of $17,000 to pay off the debts then owing by appellee, and with the understanding that appellee would execute his mortgage to secure the loan thus procured. Appellee revealed to appellant all facts above set out, and appellant accepted said employment and agreed to act as agent of appellee to secure such loan with the purpose to pay off all of the creditors of appellee. Appellant represented to appellee that he had secured a loan from Farmers National Life Insurance Company of America, and that it would be necessary for appellee and his wife to sign papers in order to perfect a loan. Harley E. Rittgers was a real estate agent, and notary public. On June 17, 1920, appellant and Rittgers represented to appellee that he was able to secure a loan for $17,000 and it was necessary for appellee and wife to sign a mortgage and promissory notes to secure the payment of said sum; and appellant further represented that he had caused to be prepared an abstract of title to said real estate, and he had also investigated the debts, and that it would require an additional sum above said $17,000 to pay off all the debts and liens existing against said real estate, and that he would furnish said additional sum for the benefit of appellee, and to enable appellant to remove all of the liens and encumbrances on said real estate.

Appellant represented to appellee that it would be necessary to sign a contract to secure appellant for providing the additional sum. Appellant further represented that the only purpose in executing said contract was for the purpose of securing said loan, and that it would be for the benefit and advantage of appellee to secure these loans.

On June 17, 1920, appellant and Rittgers came to the home of appellee, and represented that Rittgers was a notary public, needed in the execution of the proper papers in closing the loans. They had all papers prepared and presented them to appellee who signed notes and mortgage to secure the $17,000 loan, and also signed a paper for appellant, which paper, said appellant and said Rittgers represented to appellee to be a contract made for the benefit of appellee to secure appellant for advancing said sum above said $17,000 loan. Appellee says that the statements of appellant so made as to additional debts and obligations and liens of appellee relating to the necessity of borrowing an additional sum above the $17,000 loan, and relating to the necessity of appellant to advance any additional sum for the benefit of appellee, were false and fraudulent, and were known by appellant and said Rittgers to be wholly false, and were made with the intent and purpose to cause appellee to execute the papers theretofore so prepared by appellant with the intent and purpose of defrauding appellee and depriving him of the title and ownership of said real estate. Appellant and said Rittgers presented a warranty deed of conveyance for signature of appellee and his wife, and appellant requested appellee and wife to sign their names to said deed by the terms of which deed appellee conveyed said real estate to the said appellant, and neither appellee nor his wife knew that the paper so signed by them was a warranty deed, and did not know that they were

conveying said real estate to appellant, and appellee signed said deed in reliance on and belief in the statements made by appellant and said Rittgers. Appellee did not read said papers, because appellee relied on the statements of appellant that the papers were for the purpose of securing the loan. The statements of appellant and of Rittgers were wholly false, and appellee did not in fact owe any additional sum requiring the expenditure of money above the said $17,000, but appellant made the false and fraudulent statements with intent and purpose to deprive appellee of said real estate and to acquire title thereto. Appellee signed said deed without knowledge that the said instrument was a deed of conveyance, and in reliance on appellant. Appellant, with intent to defraud appellee, immediately executed a warranty deed of conveyance to one Melvin Rohrer, a resident of Elkhart county, and appellant caused said deed to Rohrer to be recorded together with the deed of conveyance from appellee in the records of Whitley county, Indiana. Appellant did not pay to appellee any consideration for said real estate and acquired same from appellee fraudulently with intent to cheat and defraud appellee out of said real estate. That Melvin Rohrer is now the owner of said real estate and is entitled to the possession of the same, and appellee has been defrauded out of said real estate without any consideration whatsoever from appellant or from anyone in his behalf. That said real estate is of the reasonable value of $45,000 and is encumbered by said $17,000 mortgage, and on June 17, 1920, it was of the reasonable value of $28,000 over and above the lien, and by reason of the conduct of appellant herein set forth appellee has been damaged in the sum of $28,000 for which appellee demands judgment.

By even a casual reading of the amended complaint, it appears by the averments thereof that during all of

the time of the transactions mentioned therein, 1, 2. appellant was acting as the agent of appellee in adjusting his loans, and that while so engaged in such fiduciary relation, he, as averred in the complaint, made the representations as to appellee's indebtedness, and obtained the warranty deed from appellee without his knowledge or consent. It does not necessarily follow that because the debts were appellee's, he did not rely upon appellant as to the aggregate amount thereof. Appellee was a farmer, not versed in procedures to obtain loans, while appellant was a banker and loan agent, and, as such, accustomed to handling financial transactions. For that reason, appellee employed him as appellee's agent, and, as such, appellee had a right to, and did, place entire confidence in him. He so relied upon his said agent that he did not even read the papers which he signed. As is said in *Givan* v. *Masterson* (1898), 152 Ind. 127, 51 N. E. 237: "It is true that, in general, a person who executes a written instrument without reading it will not be relieved of the consequences of his want of care, but there are exceptions to this rule; and when it appears that one was deceived without fault on his part, by relying upon the representations of another in whom he had good right to repose trust and confidence, the court, if satisfied of the truth of such allegations, will set aside the instrument as procured by fraud." Or, we may add, under the circumstances of this case, give judgment for damages suffered. The same principle is announced in *New* v. *Wambach* (1873), 42 Ind. 456. No rule of law is better established than that the relation of principal and agent is a confidential and fiduciary relation, and of such a nature that the agent is bound to the exercise of the utmost good faith. 1 Elliott, Contracts §74; 31 Cyc 1430. We hold that the complaint states a cause of action, and that the demurrer thereto was

properly overruled. None of the long list of Indiana authorities cited by appellant is in point. We have examined each one of them, and they are each readily distinguished from the instant case in that there is in each of them a total absence of the confidential and fiduciary relation.

The substantial question presented by the court's ruling in sustaining appellee's demurrer respectively to the second, third, fourth and fifth paragraphs of answer, though they differ somewhat in form, is as to whether appellee, having commenced an action against appellant and Rohrer, appellant's vendee, to set aside the deed obtained by appellant from appellee because it was obtained by fraud, in which action Rohrer filed a cross-complaint to quiet title, may not thereafter abandon his action to set aside the deed, and pursue the remedy here invoked for damages for the fraud perpetrated on him. If it developed that Rohrer was an innocent purchaser, as we assume it did, for the reason that his title was quieted against appellee, it would be a strange doctrine indeed if appellee was thereby precluded from maintaining an action for damages against appellant for the fraud perpetrated. Happily, such is not the law. Appellee, having discovered that he could not prevail in his action against Rohrer, and wholly justified in dismissing his complaint and abandoning such remedy, and in relying upon the more effective one of a suit for damages against appellant as the real perpetrator of the fraud; and the fact that Rohrer, by his cross-complaint, obtained a decree quieting his title in no way interferes with appellee's remedy here relied upon. Appellee having dismissed his action to annul the deed, without prosecuting it to final judgment, is not barred from his action, then pending, for damages for the fraud perpetrated on him. *McCoy* v. *Stockman* (1897), 146 Ind. 668, 46 N. E. 21;

*Cohoon* v. *Fisher* (1896), 146 Ind. 583, 44 N. E. 664, 36 L. R. A. 193; *Doddridge, Exr.,* v. *Doddridge* (1900), 24 Ind. App. 60, 56 N. E. 112; *Nysewander* v. *Lowman* (1890), 124 Ind. 584, 24 N. E. 325.

In the Cohoon case, the rule is thus stated: "The prosecution of one remedy must either be pending or have been prosecuted to final determination to bar or exclude another concurrent remedy for the same right." In that case, the action originally was for rescission, but, by an amended complaint, the plaintiff abandoned his action for rescission, and asked for damages on account of the alleged fraud. By answer the defendant sought to bar the amended complaint because the original complaint was for rescission, but the court, reversing the trial court, held that the plaintiff's demurrer to such answer should have been sustained. Following the same principle here, we hold that the demurrers to the respective paragraphs of answer were each properly sustained.

In presenting his assignment of error that the court erred in overruling his motion for a new trial, appellant says that there is a fatal variance between the allegations of the complaint and the proof, but we find no showing that such variance was called to the attention of the trial court. It is therefore waived. *Krewson* v. *Cloud* (1873), 45 Ind. 273; *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194, 59 N. E. 471; *Hartwell Brothers* v. *Peck & Co.* (1904), 163 Ind. 357, 71 N. E. 958; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996. Even if the variance were not waived, it does not appear that appellant affirmatively showed the trial court that he was prejudiced thereby, and such variance, if any, is therefore deemed immaterial. §418 Burns 1926, §400 Burns 1914, §391 R. S. 1881.

Appellant has attempted to present many errors of the trial court, more than one hundred of them, pertaining to the admissibility of evidence, but we

6. do not find these questions, the answers thereto, or the objections of counsel anywhere in the briefs of appellant except in the motion for a new trial. Nor do we find anywhere any reason for any of the objections made. Such a statement of the record is not sufficient to present any question for our consideration. *Harrold* v. *Fuenfstueck* (1903), 31 Ind. App. 275, 67 N. E. 699.

Appellant contends at much length that the evidence is wholly insufficient to sustain the verdict, and that therefore it is contrary to law. We do not need

7. to go into the details of appellant's contention. It is sufficient for us to say that the evidence alone of the surreptitious manner in which appellant obtained the warranty deed from appellee, which the jury evidently believed, is sufficient to sustain the verdict. There was ample evidence that the real estate involved was worth from $30,000 to $40,000, and that it was encumbered by mortgage in the sum of $17,000. It is apparent, therefore, that a verdict of $9,000 damages in favor of appellee because of the fraud perpetrated on him was not excessive.

Fifteen instructions tendered by appellee were given; twenty-four instructions tendered by appellant were all given but five; the court gave twelve instructions

8. of its own motion. We have carefully examined these instructions, and we hold that the jury was fully instructed as to the law of the case. But the verdict of the jury is so manifestly just that even if there were error in giving or refusing instructions, we would not reverse for such error.

The judgment is affirmed.