Fort Wayne Commandery, No. 4, Knights Templar of Fort Wayne, Indiana, *v.* Robert Bracken, Auditor of State, et al.

[No. 12,001. Filed December 10, 1924.]

1. Taxation.—*Inheritance tax exemption allowed to corporations only when organized solely for religious, charitable or educational purposes.*—For a lodge or other similar organization to claim a bequest as exempt from inheritance tax, it must be such a bequest as to fall within clause 1 of §4 of the Inheritance Tax Act (Acts 1913 p. 79, §10143d Burns 1914), which provides that "all property transferred to * * * corporations of this state organized under its laws solely for religious, charitable or educational purposes which shall use the property so transferred exclusively for the purpose of the organization, within the state, shall be exempt." p. 230.

2. Taxation.—*Inheritance tax exemption, sufficiency of petition for rehearing.*—In a petition by a lodge or other corporate society for a rehearing on an assessment of inheritance tax against it, on the theory that it is exempt from said tax under

228 APPELLATE COURT OF INDIANA,

Ft. Wayne Commandery, etc., *v.* Bracken, Aud.—82 Ind. App. 227.

clause 1 of §4 of the Inheritance Tax Act (Acts 1913 p. 79, §10143d Burns 1914), it is not necessary to set out its corporate charter, but it is sufficient to allege that it is an Indiana corporation organized "solely for religious, charitable and educational purposes, using its income exclusively for the purposes of the organization within the state." p. 230.

3. TAXATION.—*Inheritance tax exemption allowed to lodges and other charitable organizations not defeated by use of small per cent. of income to extend growth of order.*—The fact that a lodge or other corporate society organized for religious, charitable and educational purposes applies less than five per cent. of its income to extend the growth and influence of the organization does not take it out of the statute providing for exemption of such organizations, as the money so expended, though not directly devoted to charitable enterprises, is indirectly so expended. p. 230.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Petition for rehearing of inheritance tax assessment by Fort Wayne Commandery, No. 4, Knights Templar of Fort Wayne, Indiana, as provided by §15 of the Inheritance Tax Law (Acts 1913 p. 79, §10143o Burns 1914), against Robert Bracken, Auditor of State, and the State Board of Tax Commissioners. From judgment for the defendants, the petitioner appeals. *Reversed.*

*Aiken, Douglass & Aiken,* for appellant.
*U. S. Lesh,* Attorney-General, for appellees.

REMY, J.—George W. Lowe died testate in July, 1921. By his will, he gave to appellant, Ft. Wayne Commandery, No. 4, Knights Templar of Ft. Wayne, Indiana, the one-tenth part of what remained of his estate after payment of his debts and certain specific legacies. Pending settlement of the testator's estate, and upon petition of the administrator with the will annexed, the court determined that there was a liability for inheritance taxes, and fixed the amount. Appellant, being dissatisfied with the order and judgment of the court, and pursuant to clause 3 of §15 of the Inheritance Tax Act (Acts 1913 p. 79, §10143o Burns 1914), filed its

petition for a rehearing. It is averred in the petition, in substance, among other things, that appellant society has a membership of more than 500; that the purposes of appellant society are "to distribute alms to those in need, both members and non-members, to assist the sick and injured, to aid the poor and distressed, to protect widows and orphans, to defend and uphold the Christian religion, and to bring mankind under the influence of education and religion"; that it has no capital stock and is not operated for profit; that it uses more than ninety-five per cent. of its income directly in charitable enterprises—less than five per cent. being used "to create and maintain interest in the organization and increase its growth and extend its influence." It is further averred in the petition that appellant "is a corporation organized under the laws of the state of Indiana * * * solely for religious, charitable and educational purposes, using its income and all devises made to it exclusively for the purposes of its organization within the state of Indiana."

A demurrer to the petition for want of sufficient facts was sustained, and appellant having refused to plead further, judgment was rendered against it.

The action of the court in sustaining the demurrer is assigned as error.

In the memorandum filed with its demurrer to the petition, appellee suggested that sufficient facts were not pleaded to show that appellant society had been organized under the laws of this State solely for religious, charitable or educational purposes; and that facts were not averred which showed that, by the terms of its charter, appellant would, at all times, be required to use the property received for religious, charitable or educational purposes, and use the same within the state. Such was the view taken by the trial court.

If the bequest to appellant society is exempt from in-

heritance taxation, it must be such a bequest as to fall within clause 1 of §4 of the Inheritance Tax Act (Acts 1913 p. 79, §10143d Burns 1914) which provides: "The following exemptions from the tax * * * are hereby allowed: All property transferred to * * * corporations of this state organized under its laws solely for religious, charitable or educational purposes, which shall use the property so transferred exclusively for the purpose of their organization, within the state, shall be exempt."

To present the issue as to whether the bequest falls within the provisions of the act, it was not necessary to set out in the petition appellant's corporate charter. It is specifically averred in the petition that appellant society is an Indiana corporation organized "solely for religious, charitable and educational purposes, using its income and all devises made to it exclusively for the purposes of its organization within the state of Indiana." This averment is not nullified by the averment that it spends a sum which, in amount, is less than five per cent. of its income to extend the growth and influence of the organization. The money expended, as averred, to increase the membership of the society and extend its influence, though not directly devoted to charitable enterprises, is indirectly so expended.

We hold that facts are sufficiently averred in the petition to show that appellant is an Indiana corporation organized solely for religious, charitable or educational purposes, and that the bequest will be used exclusively for the purposes of the organization within the state, and that the court erred in sustaining the demurrer to the petition.

Judgment reversed, with instructions to overrule the demurrer to the petition, and for further proceedings not inconsistent with this opinion,