HISER ET AL *v.* LITCHFIELD.

[No. 12,457.   Filed December 23, 1926.   Rehearing denied March 10, 1927.   Transfer denied February 1, 1928.]

*Hoffman & Hoffman*, for appellants.

*Byron Hayes* and *Eggeman, Reed & Cleland*, for appellee.

McMAHAN, C. J.—Appellee recovered judgment against appellants for damages which she alleges she sustained by reason of fraud alleged to have been committed in the exchange of certain real estate owned by her in Fort Wayne for a farm owned by appellants, and located in Pulaski county. There was a judgment in favor of appellee for $7,500. A demurrer was sustained to appellants' counter-claim, and their motion for a new trial was overruled. These rulings are relied on for reversal.

Appellee in her complaint alleges that, on and prior

to November 10, 1921, she was the owner of certain real estate in Fort Wayne of the value of $12,000; that appellants, for the purpose of cheating and defrauding her, fraudulently and falsely represented to her that they were the owners of a certain 120-acre farm in Pulaski county, which was fertile and well adapted to farming purposes; that the farm had only been rented the last previous six years, prior to which time, it had been farmed by the owner and was not run down; that it needed no drainage other than what was already there and that it produced good crops; that it would raise any kind of crops and fruit and was worth $100 an acre; that the ground was not leachy, did not have a sand or quicksand subsoil, but that the subsoil was clay and would retain moisture and fertility because of the clay subsoil, and proposed to exchange said farm for appellee's property. That appellee was a widow living in Fort Wayne and unacquainted with the value, nature and character of land in Pulaski county; that she had no knowledge of the value of said farm on the date when the exchange was made; that she went with appellants in an automobile to see the farm and, when she proposed to walk over the farm, they induced her to ride, telling her she could see it as well from the automobile; that appellants had previously procured a neighbor to represent to her that the farm was a good one and was worth at least $100 an acre; that she did not know appellants had talked with such neighbor about making such representation, and that she was thereby thrown off her guard and lulled into a sense of security as to the representations made by appellants as to the value and character of the land. That she had no knowledge of, or means of knowing, the character of the subsoil, and, because of appellants' superior knowledge as to the character, kind, quality, fitness and value, believed the statements and representations of appellants to be true and by reason of

such reliance she was induced to exchange her said property for said farm. That in the summer of 1922, she visited the farm and learned that the representations of appellants were false, in that the land was not fertile and adapted to farming purposes, but was run down, worn out and barren of fertility, and that, instead of having been rented for but six years, it had been rented seventeen years, was wet and insufficiently drained, had a quicksand subsoil, and would not produce good crops of any kind and was not worth to exceed $5,000, all of which facts are alleged to have been known to appellants when they made such false statements to her, which were made for the purpose of inducing her to make said trade. That, upon learning the true facts, she offered to return the farm to appellants and demanded a reconveyance of the property she had conveyed to them.

Appellants answered in two paragraphs, the first being a general denial and the second, alleging that appellee took possession of the farm and farmed it during the summer of 1922, and knew all about the character and value of the land, and, after knowing all about its value and character, retained possession thereof until in October, 1922, and thereby ratified and affirmed the said exchange of land.

The counter-claim to which the demurrer was sustained, after alleging the ownership by the parties of the respective real estate, alleges, in substance, that on October 26, 1921, they entered into an agreement for the exchange of their property, wherein appellee agreed to assume and pay two mortgages on the farm, one for $2,500 and one of $1,000, and appellants agreed to assume and pay certain liens and claims on the Fort Wayne property in excess of $6,600. That in the deed from appellants to appellee for said farm, she agreed to assume and pay the said two mortgages; that the $1,000 became due January 1, 1922; that appellee failed to pay

the same; that the holder thereof commenced suit against appellee and appellants, obtained judgment against appellants on the note and decree against all of them foreclosing the mortgage; that appellee refused to pay the judgment; that the land was advertised for sale by the sheriff to satisfy the judgment and decree and failed to sell for want of bidders, and that appellants, in order to prevent a levy on and sale of other property owned by them, were, on December 21, 1922, compelled to pay said judgment which with costs amounted to $1,080.81, for which they demanded judgment.

The first contention of appellants relates to the action of the court in sustaining the demurrer to their counter-claim. Appellee, however, has filed a remittitur in this court of the full amount claimed by appellants in the counter-claim, with interest thereon from the date when appellants paid the judgment which is the foundation of their counter-claim, the amount so remitted being $1,080.12, with interest from and after December 21, 1922. Conceding, without so deciding, that the court erred in sustaining the demurrer to the counter-claim, that ruling, in view of the remittitur, has become harmless and not available as a reason for reversal.

Appellants say the court erred in permitting appellee and her son, Robert Litchfield, to testify that the value of appellee's property at the time of the trade was $15,200. Appellee's property which she was trading consisted of nine lots, on which was located the house in which she was living and on which she was then erecting another house. The first conversation between appellants and appellee concerning the exchange of property took place at the home of appellee. In this conversation, appellants told appellee the farm was of the value of $12,000 and was mortgaged for $3,500. Appellee told appellants what she was owing;

that her place was mortgaged for $3,448; that the cost of street and sidewalk improvements was $215; the cost of new furnaces $461.45, and that there would be $2,339 due the contractor on account of the new house. In this connection, appellee was asked the following question: "Was there anything else said in that conversation relative to this property, the farm down there or the property out on Maumee Avenue?" Appellants' objection being overruled, she answered: "Well, my property was worth fifteen thousand two hundred dollars, and that one would be worth twelve thousand." She was then asked: "And tell the jury by whom that was uttered, by you or Mr. Hiser?" Her answer was: "By Mr. Hiser; we talked together." Appellants do not claim that the whole of the conversation between the parties was not competent. They assume the witnesses, over their objections, testified that appellee's property was worth $15,200, when, as a matter of fact, they were not asked anything about its value and did not testify as to its value. The most that can be claimed is that these witnesses, in repeating the conversation, said her property was worth $15,200, and when we analyze the $12,000 value which appellants placed on their property, with the debts and liabilities which each was to assume, it readily appears that the parties in the transaction treated appellee's property as being worth about the amount named by appellee, viz., $15,200. If appellants' property had been worth $12,000, the value of their equity in it would have been $8,500. The amount of the mortgage on appellee's property, plus the other items of indebtedness which appellants were to and did assume, was $6,662. If, to this, we add $8,500, which appellants claimed their equity was worth, we have $15,162, so that, in the absence of any testimony as to what appellee may have said as to what her property was worth, the jury had

before them facts showing that the parties in making the exchange of properties considered their equities about equal in value. Not only this, but the court instructed the jury to the effect that any evidence as to the value of appellee's property was not to be considered by the jury in determining the amount of damages she was entitled to recover in case the jury found she was entitled to a recovery, but that the evidence of which complaint is made could only be considered for the purpose of determining whether appellee relied on the statements made by appellant. The contention that this cause should be reversed because the court permitted these two witnesses to "testify that the value of appellee's property was $15,200," cannot be sustained. It also appears from appellants' recital of the evidence that a third witness, in testifying as to the conversation between appellant and appellee, said that the latter, in that conversation, said her property was worth $15,200. So far as is disclosed by the briefs, no objection was made to the testimony of this witness on this subject.

Appellants complain of the giving of instructions Nos. 2, 12 and 13, given at the request of appellee. The court gave twenty-nine instructions to the jury, only six of which are set out in the briefs. In order to present any question as to the incorrectness of any instruction given, clause five, Rule No. 22, of this court requires that all instructions given shall be set out in the brief. Not only have appellants failed to comply with this rule, but they do not show any exception was taken to the giving of either of these instructions.

Appellants next contend that the verdict is not sustained by sufficient evidence. In support of this contention, appellants say: (1) That appellee had no right to rely on any statement of appellants as to the value of the farm; (2) that a false affirmation as to a

matter plainly within the observation of a purchaser and which, by the use of ordinary diligence, the purchaser might have ascertained will not support an action; (3) that appellee had no right to rely upon any statement of appellants as to value or quality of the farm; and (4) that appellee affirmed the agreement by taking possession of and operating the farm, renewing the $2,500 mortgage and not bringing her suit for damages sooner than she did.

The evidence so abundantly sustains the verdict that it is not necessary to enter into a detailed discussion of it. It is sufficient to say that appellants represented the farm to be worth $100 an acre; that the soil was good and that it would raise any kind of crops; that it had only been in the possession of renters six years, and that the soil was not leachy. The evidence is also sufficient to show that, on the day he took appellee to look over the farm, he was instrumental in getting a man living near the farm to tell appellee she would not be paying too much if she paid $100 an acre for the farm. Appellee was a widow, living eighty miles from the land, and knew nothing about its value or quality. The land had been farmed by renters forty years out of sixty-three years; the soil was of very poor quality, a large part of it being shifting sand; that it would take ten years of good farming and fertilization before it would even raise fair crops. Witnesses living in the vicinity of the land, and who were in the best position to know its value, testified that its fair value was $25 an acre. If the statements of appellants as to the value of the farm be ignored entirely, the evidence is sufficient to sustain the verdict, because of misstatements of appellant as to the character of the land.

The fact that appellee made an inspection of the real estate pending the negotiations for its purchase does

not, as a matter of law, preclude her from a recovery for false representations as to its character or value. Such a question is usually a question of fact. This question was properly submitted to the jury, and the jury found against appellants on that issue. See *McCoun* v. *Shipman* (1920), 75 Ind. App. 212, 128 N. E. 683.

In view of appellee's offer to file a remittitur of the amount demanded by appellants in their counter-claim, appellee is ordered to file with the clerk of this court, within thirty days of this date, a certificate of the clerk of the trial court of a remittitur of $1,130.55 as of September 27, 1923, that being the date of the verdict.

Judgment affirmed, on condition that said certificate is filed.