### ILES ET AL. *v.* JORDAN ET AL.

[No. 12,780. Filed December 9, 1927. Rehearing denied March 9 1928.]

*George W. Brill, Walker & Hollett, Arthur J. Iles, Smith, Remster, Hornbrook & Smith* and *Otis E. Gulley,* for appellants.

*James L. Clark* and *James W. Nichols,* for appellees.

McMAHAN, J.—This is an action by Arthur Jordan, hereafter referred to as "appellee," against Orlando B. Iles, Esther D. Iles and Charles L. Libby for an accounting to determine the amount of the profits earned between December 31, 1919, and June 8, 1920, by the International Machine Tool Company, a partnership; the members during that time being Orlando B. Iles, Charles L. Libby, and appellee, and to recover a judgment against the three defendants for an amount equal to one-third of such profits, on the theory that the defendants had refused to account to or pay appellee his share of such profits and had converted the same to their own use.

The complaint charges that on and prior to June 8, 1920, Orlando B. Iles, Charles L. Libby and appellee each owned a one-third interest in the property and

business of said copartnership: that said partnership was, by mutual consent of the parties thereto, dissolved on said last named day, under the terms and conditions of a certain contract between appellee and Roselba J. Jordan, his then wife, by the terms of which, appellee assigned and transferred to Mrs. Jordan his interest in said tool company, appellee reserving all cash dividends that had accrued and been distributed and which should accrue and which ought reasonably to be distributed in the usual course of business for the period from January 1, 1920, to the date of delivery of said transfer to Mrs. Jordan. The agreement between appellee and Mrs. Jordan and the instruments by which such transfer was to be made, were deposited in escrow, to be held until the agreed time of delivery arrived, which was June 7, 1920. Appellee was to be released from all future liabilities of the partnership, such future liabilities being assumed by Mrs. Jordan. Orlando B. Iles and Charles L. Libby separately and in writing agreed and consented to the transfer by appellee to Mrs. Jordan and to the dissolution of the partnership. The instrument so signed by Libby, however, stipulated that, while he consented to the dissolution of the partnership and the transfer to Mrs. Jordan, his consent should not be construed as consenting that Mrs. Jordan should then or at any future time become a partner in the business. The consent of Iles was, in substance, the same as that of Libby, except it did not contain any statement concerning Mrs. Jordan not becoming a member of the partnership. Shortly after the transfer by appellee of his interest in the business to Mrs. Jordan, she transferred her one-third interest to her daughter Esther D. Iles, wife of Orlando B. Iles, and who at all times thereafter has been in possession of the business along with her husband and Libby. Mrs. Iles at that time had full knowledge of the terms and conditions of the transfer and agree-

ments heretofore mentioned. It is also alleged that after entering into said agreement with Mrs. Jordan, the business of the tool company was under the exclusive control and management of the defendants and that large earnings and profits had been realized and retained by them which should have been distributed among the parties entitled thereto and the share belonging to appellee should have been paid to him, but that the three defendants had at all times refused to account to or pay over to appellee his share of such earnings and profits; that appellee had demanded an audit of the accounts and business of the tool company; that the defendants, although in the exclusive possession and control of said company, its accounts and assets, refused to enter into an audit and denied the right of appellee to have an accounting; that appellee was compelled to and did secure an injunction to prevent appellants from interfering with the taking of such audit; that later an audit was made at an expense of $11,670.94; that, while the defendants were liable for their proportionate share of such expense, they denied their liability and refused to contribute their share of such expense; that during the time between January 1, 1920, and June 7, 1920, $130,000 were realized by appellants as earnings and profits from the said business, out of which appellee was entitled to receive his proportionate share under the terms of the dissolution agreement. By this complaint, appellee demanded an accounting and judgment for two-thirds of the amount paid by him for securing the audit and for one-third of the profits of the business from January 1, to June 8, 1920.

The complaint is in two paragraphs, the main difference between them being that the contract between appellee and Mrs. Jordan and the written consent of Iles and Libby thereto are made a part of one paragraph and not of the other.

Iles and Iles each filed motions to strike out parts of the complaint, which were overruled, and thereupon they each filed a demurrer to each paragraph of the complaint. These being overruled, they filed answers of denial, payment and satisfaction. Appellant Esther D. Iles filed a counterclaim alleging that after the transfer by appellee to Mrs. Jordan of the interest of the former, there was paid to him from the partnership assets $15,600 as an advancement on such dividends as might be declared from the business; that appellee agreed to return so much of such sum as might be in excess of the dividends actually earned for the period covered by the contract between appellee and Mrs. Jordan; that the actual profits for the year ending December 31, 1920, payable to each of the three partners was $26,978.65; that the share of said profits distributable to appellee was $11,729.22; but that by mistake and miscalculation he had been paid $15,600, which was $3,879.78 more than he was entitled to, and asking for a judgment against appellee for that amount, plus interest.

The facts were found specially and, in substance, are as alleged in the complaint. Among the facts so found, it appears that appellee and his wife, in March, 1920, were having domestic trouble, and in contemplation of an action for a divorce by Mrs. Jordan, a conditional agreement relative to the property rights of each, was entered into as mentioned in the complaint, relating to the transfer by appellee of his interest in the tool company to Mrs. Jordan. While this contract and other papers relating to the settlement of property rights were dated in March, they were placed in escrow, to be delivered after the final disposition of the action for divorce, if a decree was entered therein. This agreement, in part, provided that in case of divorce, appellee would transfer to Mrs. Jordan the following property, viz.:

"One-third, being the entire interest of said Arthur Jordan, in the property known as the International Machine Tool Company, including the business, real estate, accounts and all property pertaining thereto, subject to the reservation by Arthur Jordan of such cash dividends as have accrued and been distributed and shall accrue and ought reasonably to be distributed in the usual course of business for the period from January 1, 1920, to the date of delivery by said escrow; and in addition thereto a salary of Eight Hundred Dollars ($800.00) per month for said period; subject also to the consent of Charles Libby and Orlando B. Iles, who are now partners of said Arthur Jordan in said business."

Orlando B. Iles and Libby consented to the proposed transfer and agreed to execute the necessary papers to carry out the agreement. The partnership theretofore existing between appellee Orlando B. Iles and Libby concerning the business of the tool company came to an end by the consent and agreement of the parties June 7, 1920, and immediately thereafter appellee was entitled to an accounting. The other two partners refused to join in taking an inventory and it became necessary for appellee to employ accountants to make an inventory and audit of the business. The reasonable cost of this audit was $10,446.75, and was all paid by appellee. This audit was used by the court at the trial to expedite its business and as a help to the parties in the trial. After the transfer of appellee's interest to Mrs. Iles by Mrs. Jordan, the three defendants continued in the full possession and control of the business and assets of the tool company and retained all the profits of the business and at no time rendered an accounting and settlement to appellee. In July, 1922, Libby, for a consideration, conveyed and transferred his interest in said business to appellants Iles and Iles, subject to all the liabilities of the partnership, which Iles agreed to pay. The net profits of the

business from January 1, to and including June 7, 1920, and which reasonably could have been declared and distributed as dividends amounted to $91,761.83.

Upon these facts, the court concluded, as a matter of law: (1) That appellee was entitled to recover from the three defendants $30,587.27 with interest from June 7, 1920, to January 28, 1926, in the sum of $10,353.87— a total of $40,941.14; (2) that appellee was entitled to recover from Orlando B. Iles and Charles L. Libby the additional sum of $6,964.60, with interest in the sum of $1,927.94, as their contributive share of the cost of taking the audit; (3) that appellee was entitled to recover a total judgment against Orlando B. Iles and Libby for $49,833.58, and against Esther D. Iles for $40,941.14; (4) that the latter was not entitled to recover on her cross-complaint; and (5) that the property of Iles and Iles should be exhausted before the property of Libby should be levied on.

There is no merit in appellant's contention that the court erred in overruling their motions to make the complaint more specific and to strike out parts of the complaint. As bearing upon these motions, see *Nat. Mutual Ins. Co.* v. *Bales* (1923), 81 Ind. App. 302, 139 N. E. 703; *Terre Haute, etc., Traction Co.* v. *McDermott* (1923), 82 Ind. App. 134, 144 N. E. 620.

Appellants next contend the court erred in overruling their demurrers to the complaint on the ground that there is no allegation that they ever agreed to assume any liability arising from the contract between appellee and Mrs. Jordan. In this connection, appellants assume that that contract is the foundation of appellee's right of action, and that there can be no recovery because they are not parties to it and because they assumed no liability under it. The complaint alleges the existence of the partnership and its dissolution by mutual agreement of the three partners;

a transfer of appellee's interest to Mrs. Jordan, appellee reserving to himself the right to have paid to him the profits arising from the business from January 1, to June 8, 1920, all of which was agreed to by the defendants; that Esther D. Iles accepted the transfer of the one-third interest in the business from her mother, with full knowledge that appellee had reserved the profits between the named dates; that Iles and Iles and Libby, as partners, refused to account to appellee for such profits and converted the same to their own use. The complaint, without question, states a cause of action against the three defendants for the amount of the profits that might reasonably have been paid out of the business as dividends, on the theory that they had used in their business money which they knew rightfully belonged to appellee, and to whom they had refused to account.

The action being for an accounting, the court properly held it was not triable by jury.

Appellants next complain of the action of the court in overruling their motion for a *venire de novo*. The first three specifications for all practical purposes are the same. They are to the effect that the special finding, as a whole, is defective, uncertain, ambiguous and insufficient, and that each of the separately-numbered findings is so defective, ambiguous and uncertain that a judgment cannot be rendered on them. The last three specifications of this motion, are to the effect that the conclusions of law are defective, erroneous and insufficient for the basis of any judgment. In so far as the last three specifications are concerned, it is sufficient to say, the correctness of conclusions of law cannot be challenged in a motion for a *venire de novo*. There was no attempt by memorandum filed with this motion, or in any other manner to point out any defect in the special findings. We cannot tell what, if any,

objections to the special finding, were pointed out to the trial court. No error is shown in the action of the court in overruling this motion.

Iles and Iles filed separate motions for a new trial on the ground: (1) That the court erred in admitting certain evidence; (2) in overruling motion to strike out certain evidence; (3) in refusing to admit certain evidence; and (4) that the decision is not sustained by sufficient evidence.

Complaint is made that the court erred in admitting a large number of exhibits, in overruling appellant's objections to certain questions and in sustaining appellee's objections to certain questions.

The exhibits referred to in the motion for a new trial are not set out in appellant's brief. There is no showing that any objection was made to introducing any of these exhibits in evidence. There is no showing that any objection was made to the introduction of any oral evidence of which complaint is made, nor is there any showing that the court refused to admit any testimony. The only place in the brief where the action of the court in admitting or in excluding any evidence is shown, is in that part of the brief devoted to "points and authorities," and the only statement there is the bare statement that the court erred in admitting in evidence, over the objection of appellants, certain exhibits, and in allowing a witness to answer a certain question, over appellants' objections, to which several rulings appellants excepted. As heretofore stated, appellants have wholly failed to set out what, if any, objections were made to the introduction of any of the evidence. No question is presented concerning the admission or exclusion of any evidence.

The next contention of appellants is that the finding of facts is not sustained by sufficient evidence. There is about as much merit in this contention as there was

in the contention that the court erred in the admission of evidence. We have made a careful study of the evidence and find it ample to sustain each and every fact found by the court. No good purpose would be subserved by an extended review of the evidence.

Appellants insist that the court erred in the first conclusion of law for the reason that there was no question presented by the pleadings as to any net profits; that appellee asserted his right to "cash dividends" instead of "net profits." This contention cannot prevail. The contract by which appellee transferred his interest to Mrs. Jordan reserved to appellee such cash dividends as had accrued and which in the usual course of business ought reasonably to have been distributed for the period from January 1, 1920, to the delivery of the contract by the escrow to Mrs. Jordan. Appellants would limit the meaning of the word "dividends" to dividends *actually* declared by those in charge of the business, and not to dividends which in the usual course of business ought to have been and reasonably should have been declared and paid out of the profits of the business for the period named.

We know of no reason why a partner may not dispose of his interest in the capital of a company doing business as a partnership and reserve or retain the profits in that business as was done in the instant case, from January 1 to the date when the transfer and dissolution of the partnership took place. Suppose appellee had sold his interest in the partnership to the other two partners, reserving that part of the profits in the business which had accrued from January 1 to the date of the sale, and which, in the usual course of the business, could reasonably have been distributed as cash dividends, would any one doubt his right to demand an accounting and to recover from the other partners the amount of such profits? In the instant case, the other

two partners consented to the transfer by appellee to Mrs. Jordan, with the reservation of that part of the profits that had accrued and which reasonably could be distributed as "cash dividends." They not only recognized such right, but they also recognized his right to be paid a salary of $800 a month during the time the contract with Mrs. Jordan was being held in escrow and up to the time of its delivery to her. After the transfer to her, he had no right to participate in profits thereafter earned. He did have a right to his share of the profits which had accrued and which, in the usual course of business, ought to have been distributed as a cash dividend. When the transfer to Mrs. Jordan took place, appellee ceased to be a member of the partnership, and at that time he was entitled to his share of the profits, and to have an accounting in order to ascertain the amount of profits which could be paid out as dividends. The other partners, Orlando B. Iles and Charles L. Libby, refused to join with appellee in taking an inventory of the property of the partnership and in making an audit of its assets. Mrs. Iles accepted the transfer from her mother with knowledge that her father, appellee herein, was entitled to the profits which had accrued at the time of the transfer to her mother, and which, in the usual course of the business, ought to have been distributed as dividends. With this knowledge, she and her husband, Orlando B. Iles, and Charles L. Libby continued to operate the business and had the exclusive possession of all the assets of the company as well as of all the profits of the business from January 1, to June 7, 1920, and retained all of such profits, using them in their business, and never made or rendered an accounting to appellee thereof. Clearly all of the defendants were accountable to appellee for his share of the profits. There was no error in the first conclusion of law.

When appellee transferred his interest to Mrs. Jordan,

he was entitled to an accounting. Orlando B. Iles and Libby refused to join with him in making an inventory and audit, and it was necessary for appellee to employ experts to make an inventory and audit. These accountants made an inventory and audit, and were paid therefor, by appellee, $10,446.75, which was a conservative and reasonable amount. On the trial of the cause, the court, in order to expedite its business and as a help to the parties, used the inventory and audit. The former partners of appellee should have joined with appellee in making an inventory and audit of the business. This they refused to do. Having denied appellee the right to an accounting, and having refused to join with him in taking an inventory and making an accounting, thus forcing him to employ expert accountants for that purpose, they should be required to pay their proportionate share of the cost of making the inventory and audit. It was the duty of the co-partnership to make this audit. The court correctly concluded, as a matter of law, that Orlando B. Iles and Libby were accountable to appellee for an amount equal to two-thirds of the cost of the accounting, with interest thereon from the date when appellee paid the accountants for their work. There was no error in the second conclusion of law.

If there was no error in the first and second conclusions of law, there was no error in the third.

Appellant Esther D. Iles contends the court erred in the fourth conclusion of law, which is that she is not entitled to any relief by reason of her counterclaim. In support of this contention, she says there is no finding that any money was or was not withdrawn, nor is there any finding as to any facts relevant to the issues presented by her counterclaim. Mrs. Iles, by her counterclaim, sought to recover from appellee on account of money that had been paid to him

by the partnership, as his share of cash received from the sale of certain government bonds, and which money had been paid to appellee before Mrs. Iles became interested in the business. The burden was on Mrs. Iles to prove the facts alleged in her counterclaim. There being no finding upon the issues thus presented, the presumption is that there was no evidence upon that issue. There is no claim that the facts are not correctly found upon this issue. Upon the facts found, the court correctly concluded Mrs. Iles was not entitled to recover on her counterclaim.

Iles and Iles jointly assail the fifth conclusion of law, which is that their property shall be exhausted before levying upon the property of Libby. They contend that when they purchased the interest of Libby in the business, they only assumed and agreed to pay such debts and liabilities as were shown on the records of the partnership, and assert that there is no "finding that this judgment appears on the books and record of the company" and that the only liabilities they assumed were those appearing on the records of the company. There is no claim that the books and records of the company did not and do not show the liability of the company to appellee. This conclusion is not subject to the objection urged.

No reversible error being shown, the judgment is affirmed.

Dausman, J., absent.