RENZ ET AL. *v.* STATE OF INDIANA.

[No. 13,627.   Filed June 18, 1929.   Transfer denied January 29, 1931.]

*George Sands,* for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

NEAL, J.—The appellants were charged by an affidavit in two counts, viz.: (a) unlawful possession of intoxicat-

ing liquor; (b) maintaining a common nuisance in violation of §2740 Burns 1926. Appellants were found guilty on the first and not on the second count. Appellants' motion for a new trial was overruled and such ruling assigned as error. Causes for new trial are as follows: (a) Errors of law occurring at the trial in the admission in evidence of the affidavit for the search warrant, the search warrant, and a bottle filled with liquid which was obtained by the officers during the search; (b) the finding of the court is not sustained by sufficient evidence; (c) the finding is contrary to law.

Appellants seek a reversal because of the admission of several items of evidence as above set forth; however, they have not "pointed out the page and line of the transcript where the ruling on the evidence complained of may be found. It has uniformly been held that, where this is not done, the court will not search the record to find the same, and will not consider such question." *Miller* v. *State* (1905), 165 Ind. 566, 76 N. E. 245, and authorities cited. We also observe that appellant, in the preparation of his brief, has failed to set out the several questions, answers, objections, rulings of the court and the exceptions to the admission or rejection of the evidence upon which he predicates error, except in the motion for a new trial. This is not an adequate compliance with the rules of this court. *Fast* v. *Judy* (1925), 83 Ind. App. 85, 147 N. E. 728; *Hewitt* v. *Westover* (1927), 86 Ind. App. 505, 158 N. E. 631; *Iles* v. *Jordan* (1927), 87 Ind. App. 220, 159 N. E. 28. We have examined the evidence, however, which appellants assert was improperly admitted and, when tested by the objections offered, are of the opinion that no error was committed.

The evidence discloses that appellants were at the time the affidavit was filed and prior thereto engaged in

the operation of a business in the city of South Bend where sandwiches, cigars and soft drinks were sold to the general public; that appellants purchased beer from the Hoosier Cream Brewery in large quantities and the beer was stored in the basement of the building occupied by appellants; that the beer so purchased was dispensed to the general public; that a sample of the beer so stored in the basement was taken by the officers and analyzed in the city laboratory for the alcoholic content and was found to contain 1.19% alcohol by volume. The evidence is sufficient to sustain a conviction. Appellants admitted the possession of the beer and sale thereof to many customers, but claim they had no knowledge that it contained a larger per cent of alcohol by volume than permitted by §2715 Burns 1926. It was necessary for appellants to ascertain for themselves whether the beer was or was not an intoxicating beverage as provided by law. The excuse that they were not conscious of a violation of the law, when applied to the facts in this case, is no ground for relief. One who retains possession of intoxicating liquor as defined by statute, does so at his peril.

Judgment affirmed.