CORNELIUS, EXECUTOR, ET AL. *v.* THOMAS ET AL.

[No. 13,146. Filed August 30, 1929. Rehearing denied November 13, 1929.]

*C. W. H. Bangs* and *Walter S. Bent,* for appellants.
*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellees.

NEAL, J.—This is an action instituted by appellees to have the last will and testament of Shalter Thomas, deceased, declared invalid and to set aside the probate thereof based upon the statutory causes, viz.: (1) Unsoundness of mind; (2) undue execution. The jury returned a verdict that the testator, Shalter Thomas, at the time he executed the will in controversy was of unsound mind and incapable of executing the will. This appeal is predicated on the action of the trial court in overruling appellant's motion for a new trial, which motion, in substance, presents the following causes, to wit: (a) The verdict of the jury is contrary to law; (b) the verdict is not sustained by sufficient evidence; (c) the court erred in admitting several items of evidence over the separate and several objections of appellants; (d) the court erred in giving to the jury, on its own motion, each of the instructions separately and severally numbered from 1 to 26 inclusive; (e) the court erred in refusing to give the instructions requested by appellants and numbered 1 to 12 inclusive.

We will consider the causes for new trial in the inverse order. Clause 5 of Rule 22 of the Supreme and Appellate Courts, as amended January 1, 1924, reads in part as follows: "When error is predicated on the giving or refusal of instructions, the statement must recite the instructions that were given." Appellant only recites in his brief the instructions given by the court numbered from 1 to 22 inclusive, and the instructions tendered by appellants and refused by the court. It is obvious that no question is presented by the

giving or the refusal to give certain instructions. *Hiser* v. *Litchfield* (1926), 87 Ind. App. 19, 154 N. E. 510; *Linn Grove, etc., Power Co.* v. *Fennig* (1927), 86 Ind. App. 170, 154 N. E. 877. We have examined, however, the instructions given by the court, of which appellants complain, and the instructions tendered by appellant and refused by the court, and have concluded that no reversible error could be predicated thereon, if we were in a position to disregard, which we cannot do, the established rules of the Supreme and Appellate Courts.

In consideration of the alleged errors of the court in admitting several items of evidence over the objections of the appellants, our attention is immediately called to the fact that neither the questions, answers, offers of proof nor objections are to be found in appellant's statement of the record. The only place in the brief where the questions, etc., of which appellants complain are to be found is in the motion for a new trial. At no place in the brief of appellant is there any reference to the several pages and lines of the transcript where the questions, answers, offers of proof or objections to the evidence may be located. In the case of *Hewitt* v. *Westover* (1927), 86 Ind. App. 505, 515, 158 N. E. 631, where the same question was involved, this court said: "Having failed to comply with the provisions of such rule in respect to the alleged errors (referring to the fifth clause of Rule 22), this court does not consider the questions with reference thereto, which appellant undertakes to present in his points." The quoted language applies in this case. See *Fast* v. *Judy* (1925), 83 Ind. App. 85, 147 N. E. 728; *Iles* v. *Jordan* (1927), 87 Ind. App. 220, 159 N. E. 28.

Shalter Thomas departed this life August 29, 1926, then 79 years of age. He was, at the time of his death, and for several years prior thereto, a resident of the city of Huntington, Indiana. During his lifetime he

had acquired several pieces of real estate, consisting largely of rental properties. Several years prior to his death, he was afflicted with cancer, which caused him much pain and suffering continuously until his death. He was never married.

In the year 1925, a guardian was appointed by the consideration of the Huntington Circuit Court for Thomas on the ground of old age and infirmity. It appears from the evidence that on March 31, 1924, Shalter Thomas executed his will; that threafter, on January 25, 1926, six months prior to his death, he attempted to execute another will, which will was admitted to probate immediately after his death.

More than 15 witnesses who were acquainted with Shalter Thomas in the years 1925 and 1926, and who had conversed with Thomas, observed his actions and demeanor in the house and on the street, gave as their opinion that in the years 1925 and 1926 Shalter Thomas was a person of unsound mind. It would avail nothing to recite even the substance of their testimony. Suffice it to say that the evidence given by the witnesses disclosed that Thomas was broken in health and wracked by a dreadful disease; that his conversations were disconnected and incoherent; that he became lost in the house and when on the streets; that his mind was impaired and that he was subject to delusions. The evidence is ample to sustain the verdict of the jury.

Appellant challenges the ruling of the court in overruling appellant's petition for an order to take the deposition of Dr. J. M. Hick during the trial of the case and attempts to raise the question by a separate assignment of error. The error, if any, should have been assigned as a cause for a new trial.

Judgment affirmed.