INTERNATIONAL HARVESTER COMPANY OF AMERICA
*v.* MCCARTHY.

[No. 15,588.  Filed December 17, 1937.]

*John C. Hoffman* and *Simmons & Simmons,* for appellant.

*Eichhorn, Gordon & Edris,* for appellee.

KIME, J.—This was an action in replevin which was answered in general denial.  It was tried to a jury, resulted in a verdict for the appellee and judgment was rendered thereon to the effect that the appellant take nothing by its complaint.  The court overruled the appellant's motion for new trial, the grounds of which properly presented on appeal are that the verdict (1) is not sustained by sufficient evidence; (2) is contrary

to law; and (3) error in refusing to give a tendered instruction.

The complaint alleged that the appellant was a Wisconsin corporation, organized and existing under the laws of that state; that it was lawfully entitled to the immediate possession of a motor truck of the value of $340.00, which the appellee had possession of without right and unlawfully detained, whereby appellant had been damaged in the sum or $350.00 and that before suit demand had been made which has met with a refusal.

The appellee's motion to make more specific the allegation "that it is lawfully entitled to the immediate possession of the following described personal property, to wit:" on the ground that it was a conclusion, was overruled.

The appellant based its right to possession upon a written contract. The appellee based his defense upon fraud in the procurement of the contract. We find that the verdict of the jury is amply sustained by the evidence. The evidence shows a sale of a certain motor truck by appellant to the appellee and shows that the appellee delivered a truck owned by him to the appellant at an agreed price of $100.00 and paid to the appellant $50.00 in cash and that the appellant delivered to appellee the truck in controversy, together with the title papers relating to it. There is further evidence that the appellee was induced by fraud and misrepresentation to execute his notes for the further sum of $340.00 in which was contained a conditional sales contract assuming to give the appellant the right to reclaim the property sold to the appellee in the event of default in the making of the payments required by the notes. There was evidence that the motor truck delivered to appellee, after the notes and contract had been executed by him, *was not the one that had been*

*exhibited and demonstrated to him* and for which he contracted; that it was delivered on his premises in his absence; and that it was not worth more than $100.00. That he attempted to rescind the contract, return the truck which had been delivered to his premises and reclaim the truck delivered by him to appellant. That appellant refused to allow appellee to return the truck and by its action compelled appellee to retain or abandon the truck. Under these facts the jury was warranted in finding that the appellant was not entitled to the possession of this particular truck. *Peoples State Bank* v. *Hall* (1925), 83 Ind. App. 385, 148 N. E. 486; *Love* v. *Oldham* (1864), 22 Ind. 51.

The court did not err in refusing to give the instruction asked so far as we are able to determine from this brief. The rules require all instructions given to be set out. Clause five of Rule 21 of the Supreme and Appellate Courts. This was not done, therefore, the presumption is that the jury was correctly instructed and in the absence of a showing to the contrary that presumption must prevail. *Cornelius, Exr.* v. *Thomas* (1929), 90 Ind. App. 254, 167 N. E. 563; *Cole* v. *McLean* (1931), 93 Ind. App. 526, 177 N. E. 348.

The judgment of the Adams Circuit Court is affirmed.

Bridwell, J., concurs in result.

Curtis, J., dissents.

Dudine, J., not participating.