LESH *v.* JOHNSTON FURNITURE COMPANY.

[No. 27,050. Filed March 22, 1938. Rehearing denied May 24, 1938.]

*James E. Lesh,* and *Strong & Strong,* for appellant.
*Arthur Sapp, Sees & Glenn,* and *Gates & Gates,* for appellee.

SHAKE, J.—The Acts of 1901, chapter 247, section 15, §4-209, Burns' Ann. St. 1933, §1364 Baldwin's 1934, provide that "if four (4) judges" (of the Appellate Court) "shall not concur in the result, the case shall be transferred to the Supreme Court." The judgment of the lower court was affirmed, without dissent, by the Appellate Court in banc. *Lesh* v. *Johnston Furniture Co.* (1938), (Ind. App.), 10 N. E. (2d) 310. Thereafter, the appellant filed a petition for rehearing, which was denied with a supplemental written opinion. Three judges of the Appellate Court dissented from the opinion on rehearing. *Lesh* v. *Johnston Furniture Co.* (1938), (Ind. App.), 11 N. E. (2d) 1000.

The object of a petition for rehearing is to point out mistakes of law or of fact, or both, which it is claimed the court made in reaching its conclusion. *Marion Light and Heating Co.* v. *Vermillion* (1912), 51 Ind. App. 677, 99 N. E. 55, 100 N. E. 100. When a written opinion is filed on rehearing, the original opinion is modified to the extent set out in the second opinion, even though the court has reached the same result so far as the ultimate disposition of the cause is concerned. Our practice authorizes this court to review the opinions of the Appellate Court, on petition assigning that a ruling precedent of this court is contravened or that a new question of law is directly involved and decided erroneously. Section 4-215 Burns 1933, section 1359 Baldwin's 1934. Where there is a petition to transfer under §4-215 Burns 1933 (§1359 Baldwin's *supra*), and a petition for rehearing has been considered in the Appellate Court, and a written opinion filed, this court must necessarily look to the original opinion and the supplemental opinion to determine if a cause for transfer exists. It follows that this cause must be transferred to this court under §4-209 Burns 1933, §1364 Baldwin's 1934.

Appellant's complaint in the court below was in two

paragraphs. The first paragraph was to recover rent in the aggregate sum of $1440, alleged to have been due appellant under a written lease covering a business building in the city of Huntington. The second paragraph sought to recover an additional sum of $400 for expenses incurred by the appellant in reconditioning the property upon the termination of the lease. The appellee answered in general denial and with two affirmative paragraphs, wherein it alleged that the terms of the lease sued on had been modified so that there was due the appellant only $300; that appellee had tendered that amount to the appellant, and, upon his refusal to accept the same, had paid the same to the clerk of the court for appellant's use and benefit. There was a reply to the affirmative paragraphs of answer charging that the modifications of the original lease had failed for want of consideration.

A jury trial resulted in a verdict and judgment for the appellee and there was a motion for a new trial, which was denied. Error is claimed on the ruling on the motion for a new trial. The assignments are (1) That the court erred in refusing to direct a verdict for the appellant for $1145; (2) that the court erred in giving and in refusing to give certain instructions; (3) that there was error in the exclusion and admission of certain evidence; (4) that the verdict is not sustained by sufficient evidence, and (5) that it is contrary to law.

On the first error assigned the appellant contends that the lease contract being in writing and there being no controversy as to the amount of rental payable thereunder, he was entitled as a matter of law to a directed verdict for the full amount of his demand on the first paragraph of complaint. An examination of the record discloses, however, that the evidence as to the contract between the parties was not without conflict, and there was evidence from which the jury

may have inferred that the contract had been modified orally. Under these circumstances the court did not err in refusing to direct a verdict for the appellant.

This court cannot review the alleged error of the trial court in giving and in refusing to give the instructions complained of, for the reason that all of the instructions given by the court are not contained in the record. *Linn Grove Light and Power Co.* v. *Fennig* (1927), 86 Ind. App. 170, 154 N. E. 877; *Hiser et al.* v. *Litchfield* (1926), 87 Ind. App. 19, 154 N. E. 510; *Cornelius et al.* v. *Thomas et al.* (1929), 90 Ind. App. 254, 167 N. E. 563.

There was no error in the refusal of the trial court to admit in evidence appellant's exhibit 40. This exhibit purported to be a carbon copy of a letter which appellant contended he had written and mailed to the appellee. The evidence as to the mailing of the letter was conflicting and there was no proof that the original copy of the letter was ever received by the appellee. The rejection of this evidence was within the discretion of the trial court. After examining the record with respect to the evidence offered and excluded, and that which was admitted over objection, we conclude that there was no reversible error on the part of the trial court with respect thereto.

In support of his contention that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, appellant points out that appellee's affirmative answer admitted a liability of $300 to the appellant. This would be conclusive upon the proposition that the verdict of the jury was contrary to law and would require a reversal unless the error was rendered harmless by other circumstances.

It further appears from appellee's answer and the record that prior to the commencement of the action the said sum of $300 was tendered to appellant and refused,

whereupon it was paid to the clerk of the court below "in full and complete satisfaction of said rent due said plaintiff." At common law a tender into court was an acknowledgment that so much was due from the person making the tender and the sum tendered became the property of the person for whose benefit it was tendered. He could at any time withdraw it from the hands of the clerk, but the party paying could not. His control over it ceased. 2 Watson's Works Practice, §2155.

The common law rule with respect to tenders has been modified by statute in this state. Section 2-2509 Burns 1933 (§381 Baldwin's 1934), provides: "Hereafter, in all cases where money is tendered in settlement of a demand, and the same is refused, and the money brought into court to keep the tender good, if the court or jury trying the case finds that a less sum is due on the demand than that tendered and brought into court, the person refusing the tender shall receive no more of the sum paid into court than the court or jury trying the case finds is due him on the demand."

It will therefore be seen that while appellee was bound by the admission contained in its answer to the effect that it was indebted to appellant in the sum of $300, the appellant could not claim the tender paid into court after judgment, because the jury did not find that anything was due him.

During the pendency of this appeal and after the judgment of the lower court had been affirmed by the Appellate Court, and while a petition for rehearing was pending, the appellee filed in the office of the clerk of this court, without permission of the court and without notice to the appellant, a document denominated "Appellee's Remittitur and Waiver of All Rights in $300.00 Paid Into Court for Appellant." This instrument purports to relinquish unto appellant all right of the appellee in and to the said sum of $300 in the hands

of the clerk of the lower court, and it further discloses by a certified copy of the proceedings of the Whitley Circuit Court, that on December 10, 1937, more than two years after this appeal was perfected, appellee had filed in this cause in the court below, without notice to appellant, a waiver of appellee's right to said $300 and an authorization to the clerk of the circuit court to pay same to the appellant. In consideration of the appellee's remittitur and waiver, aforesaid, the Appellate Court, three judges dissenting, denied appellant's petition for a rehearing.

Rule 13 of the Supreme and Appellate Courts, adopted November 1, 1933, required notice to the adverse party of all motions and petitions addressed to the appellate tribunal, except petitions for writs of certiorari and for first extensions of time. Since it affirmatively appears from the record that notice was not given to appellant of the filing of appellee's so-called "remittitur and waiver" in the office of the clerk of this court on December 13, 1937, the same cannot be considered. It may be observed, also, that the waiver filed in this cause in the Whitley Circuit Court, without notice to appellant, more than two years after this appeal was perfected, cannot affect appellant's substantial rights.

It follows that appellee's admission in the pleadings that it was indebted to the appellant in the sum of $300 renders contrary to law the verdict of the jury that appellant take nothing. We find no other reversible error in the record. Section 2-2503 Burns 1933 (§375 Baldwin's 1934), provides: "When, upon the statements in the pleadings, one party is by law entitled to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." In the case of *New Albany and Vincennes Plank Road Co.* v. *Stallcup* (1878), 62 Ind. 345, 347, it was said: "The pleading in a cause are before the court

and constitute a part of its proceedings without being introduced in evidence. Admissions made in a pleading are denominated solemn admissions, or admissions *in judicio,* and are not required to be supported by evidence. Such admissions are taken as true against the party making them without further controversy. . . .

"In fact, admissions in the pleadings can not be either proved or disproved on the trial, but must be accepted for whatever they amount to in legal effect, without reference to any other evidence that may be adduced."

The cause is transferred under §4-209 Burns 1933 (§1364 Baldwin's 1934), and reversed. In the exercise of the power vested in this court under §2-3234 Burns 1933 (§507 Baldwin's 1934), the trial court is ordered to enter judgment on the pleadings in favor of appellant for $300, and to tax the costs of this action to the appellant. The clerk of this court is directed to tax the costs of this appeal to the appellant.

## ON MOTION TO MODIFY MANDATE.

SHAKE, J.—Appellant has filed a motion, supported by a brief, to modify the mandate appended to the original opinion and to retax the costs. He questions the propriety of the order of this court directing the entry of judgment on the pleadings for $300, and asserts that we should have ordered a new trial instead. We can not sustain this contention. We found no error in the proceedings in respect to any of the appellant's assignments, except as to appellee's admitted liability of $300. The statute, §2-2503 Burns' Ann. St. 1933 (§375 Baldwin's 1934), authorizes judgments on pleadings after verdicts. The judgment appealed from was therefore contrary to law, which required a reversal of the cause. But since there was no other error, further litigation is not only unnecessary but unwarranted, and it

would be a useless thing to order a new trial under the circumstances.

In support of the motion to retax the costs, our attention is called to §2-3237 Burns 1933 (§511 Baldwin's 1934), which provides that "when the judgment is reversed in whole the appellant shall recover costs in the Supreme Court and the court below to the time of the first error for which the judgment is reversed, which shall be pointed out in the opinion of the Supreme Court." The same section further provides that: "In all other cases, costs shall be awarded as the court may deem right." In legal and practical effect the mandate of this court amounted to an affirmance in part, and a reversal in part. Under such circumstances this court is vested with discretion in the allocation of costs. *Adams Express Company* v. *Welborn* (1915), 59 Ind. App. 330, 108 N. E. 163, 109 N. E. 420. It was not necessary for the appellant to come to this court to obtain a judgment for $300. He might have moved for judgment in that sum on the pleadings, notwithstanding the verdict against him, and we must indulge the presumption that the trial court would have granted that relief had it been requested. On all other errors assigned, the judgment of this court was against the appellant. It would therefore appear to be proper and equitable that he should bear the costs occasioned by this appeal.

Appellant's motion to modify the mandate and to retax the costs is denied.