INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE
TAX DIVISION *v.* BANDELIER, ADMINISTRATOR.

[No. 18,153. Filed February 28, 1952.]

*J. Emmett McManamon,* Attorney General; *John J. McShane, Lloyd C. Hutchinson* and *Joseph E. Nowak,* Deputy Attorneys General, for appellant.

*William Fruechtenicht* and *L. B. Harper,* both of Fort Wayne, for appellee.

Martin, J.—Appellant filed its petition requesting a rehearing and redetermination of inheritance and transfer taxes due from the estate of Clarrena Yoquelet, deceased.

The appellee, administrator with the will annexed of said estate, filed a demurrer for want of facts to this petition. Such demurrer was sustained. This appeal questions the ruling of the court on the demurrer.

Burns' 1933, §6-2411, provides for the filing of a petition for rehearing "which shall state grounds for the rehearing." It further provides: "The rehearing shall be determined upon the records, proceedings, and proofs had and taken on the original hearing: Provided, That

the court may, if deemed advisable, hear additional evidence."

As was said of petitions for rehearing filed in the appellate courts of this state, and which is equally applicable to the type of petition for rehearing which is here involved: "The object of a petition for rehearing is to point out mistakes of law or of fact, or both, which it is claimed the court made in reaching its conclusion." *Lesh* v. *Johnston Furniture Co.* (1938), 214 Ind. 176, 13 N. E. 2d 708, 14 N. E. 2d 537.

The petition in this case alleged, among other things:

"(4) That said order of Court erroneously allowed as and for a deduction the sum of $5,000.00 on a note in the amount given by decedent to the Board of Home Missions and Church Extension of the Methodist Episcopal Church of New York.

"(5) That said order of Court erroneously failed to tax as a transfer subject to inheritance tax the sum of $5,000.00 distributed out of said estate to the Board of Home Missions and Church Extension of the Methodist Church of New York."

It will be seen from the foregoing specifications or grounds for rehearing that the appellant did not seek a blanket rehearing based on general, vague and indefinite grounds, but instead identified with particularity, the instrument, transfer and transaction concerning which the appellant objected to the action of the court. By said specifications 4 and 5, the appellant identified the instrument, the amount involved and named the transferee, the Board of Home Missions and Church Extension of the Methodist Episcopal Church of New York. This was clearly neither vague nor indefinite, but was particular and specific enough to place the lower court on notice as to the specific question involved. This points out alleged mistakes which it

is claimed the court made, and states grounds for a rehearing. Proceedings had under the provisions of such act are in the nature of special proceedings. *Crittenberger* v. *State, etc., Trust Co.* (1916), 63 Ind. App. 151, 114 N. E. 225. Where there is a procedure set forth as here in the act itself, that procedure is controlling.

The petition for rehearing was not defective in failing to state sufficient facts. The court therefore erred in sustaining the demurrer. *Ft. Wayne Commandery, etc.* v. *Bracken, Aud.* (1924), 82 Ind. App. 227, 145 N. E. 589.

The petition also prayed a reappraisal and redetermination of the tax. Burns' 1933, §6-2412, provides for a petition for reappraisement if it is believed that the valuation of the property and assets of a decedent's estate, as valued by the appraiser and appraised by the court, does not reflect a fair market value. It is not claimed by appellant that it is proceeding under this statute. We, therefore, treat the petition, as do the parties, as a petition for rehearing only.

Appellant also attempts to present certain other alleged errors of the court below. These concern matters which the appellant claims were erroneously determined upon the original hearing. In effect, appellant asks us to rehear the merits of the original hearing at this time and thereby by-pass the statutory provision for a rehearing in the court below.

If the court below has made errors of fact or law, the statutory rehearing should be had, and it is possible that after such rehearing appellants may have no cause to complain. It would be premature for us to pass upon these matters at this time.

This cause is remanded to the court below with instruction to overrule the demurrer to the petition, and

for further proceedings not inconsistent with this opinion.

CRUMPACKER, J., Concurring.

Proceeding under Burns' 1933, §6-2411, the appellant filed its petition for a rehearing and re-determination of inheritance and transfer taxes due it from the estate of Clarrena Yoquelet, deceased, and as grounds therefor specified four particulars in which the court's order is alleged to be erroneous. To this petition the appellee demurred for want of facts and was sustained. None of the grounds for rehearing indicates of what the court's alleged error consists but each charges that the act complained of was erroneously done. This is sufficient to withstand a demurrer.

Although there is precedent for addressing a demurrer to a petition of this character, *Fort Wayne Commandery, etc.* v. *Bracken, Aud.* (1924), 82 Ind. App. 227, 145 N. E. 589, I doubt its propriety. In my opinion the practice is analogous to that governing motions for a new trial in ordinary civil procedure.

NOTE.—Reported in 104 N. E. 2d 133.